UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WENDY CHOWNING,

Plaintiff-Appellant,

v.

KOHL'S DEPARTMENT STORES, INC.;
et al.,

Defendants-Appellees.

No. 16-56272

D.C. No.
2:15-cv-08673-RGK-SP
Central District of California,
Los Angeles

ORDER

Before: N.R. SMITH and FRIEDLAND, Circuit Judges, and LYNN,* Chief
District Judge.

The memorandum disposition filed on June 18, 2018, is amended by the

memorandum disposition filed concurrently with this order, as follows: On page 4,

Line 7, the word "more" is replaced with "less."

With this amendment, the panel has voted to deny the petition for panel

rehearing. Judge N.R. Smith and Judge Friedland have voted to deny the petition

for rehearing en banc, and Chief Judge Lynn has so recommended.

The full court was advised of the petition for rehearing en banc and no judge

has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

---

\* The Honorable Barbara M. G. Lynn, Chief United States District
Judge for the Northern District of Texas, sitting by designation.

The petition for rehearing and petition for rehearing en banc are DENIED.

No further petitions for panel rehearing and rehearing en banc may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| WENDY CHOWNING, | No.   16-56272 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:15-cv-08673-RGK-SP |
| KOHL'S DEPARTMENT STORES, INC.; KOHL'S CORPORATION; DOES, 1-20, inclusive, | AMENDED MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 17, 2018
San Francisco, California

Before:  N.R. SMITH and FRIEDLAND, Circuit Judges, and LYNN,** Chief
District Judge.

Wendy Chowning appeals the district court's grant of summary judgment to

Kohl's Department Stores, Inc. and Kohl's Corporation (collectively "Kohl's") in

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Barbara M. G. Lynn, Chief United States District
Judge for the Northern District of Texas, sitting by designation.

her putative class action regarding alleged advertising misrepresentations. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

California's Unfair Competition Law (UCL)[1] "is equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 943 (Cal. 2003). Remedies are "generally limited to injunctive relief and restitution." *Id.* (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 539 (Cal. 1999)). Though restitution is possible, "[i]njunctions are 'the primary form of relief available under the UCL to protect consumers from unfair business practices,' while restitution is a type of 'ancillary relief.'" *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 895 (Cal. 2011) (quoting *In re Tobacco II Cases*, 207 P.3d 20, 34 (Cal. 2009)).[2]

---

[1] The remedies under the UCL and California's False Advertising Law (FAL) are "interpreted in the same fashion and allow for the same type of relief." *In re Tobacco Cases II*, 192 Cal. Rptr. 3d 881, 887 n.2 (Cal. Ct. App. 2015). Similarly, "[t]here is nothing to suggest that the restitution remedy provided under the [Consumer Legal Remedies Act (CLRA)] should be treated differently than the restitution remedies provided under the [FAL] or [UCL]." *Colgan v. Leatherman Tool Grp., Inc.*, 38 Cal. Rptr. 3d 36, 58 (Cal. Ct. App. 2006). Therefore, although we refer only to the UCL, this disposition is applicable to all three statutory schemes at issue.

[2] Another class action against Kohl's has already been certified regarding injunctive relief. Therefore, with the "primary form of relief" gone, Chowning's only additional remedies are the "ancillary relief" found in restitution. *Kwikset Corp.*, 246 P.3d at 895.

2

1. The proper calculation of restitution in this case is price paid versus value received. Under California law, where a plaintiff obtains value from the product, the proper measure of restitution is "[t]he difference between what the plaintiff paid and the value of what the plaintiff received." *In re Vioxx Class Cases*, 103 Cal. Rptr. 3d 83, 96 (Cal. Ct. App. 2009); *see also In re Tobacco Cases II*, 192 Cal. Rptr. 3d at 894.[3] Here, Chowning admits that she received value. Therefore, the appropriate calculation for restitution is the price Chowning paid for the articles versus the value of the articles she received.

2. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and

---

[3] Chowning argues that we should follow our earlier decision in *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 988-89 (9th Cir. 2015). But she does not explain why *Pulaski* requires a different result than the one we reach here. *Pulaski* explains that "[r]estitution is 'the return of the excess of what the plaintiff gave the defendant over the value of what the plaintiff received.'" *Id.* at 988 (quoting *Cortez v. Purolator Air Filtration Prods. Co.*, 999 P.2d 706, 713 (Cal. 2000)). That is the same measure of restitution identified by *In re Tobacco Cases II* and is the same measure that applies here. To the extent that *Pulaski* is inconsistent with *In re Tobacco Cases II*, however, we must follow *In re Tobacco Cases II*. *In re Tobacco Cases II* was decided after *Pulaski*, and "[d]ecisions by state intermediate appellate courts are data which are not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986) (quotation marks and citation omitted).

on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Here, Chowning failed to meet her burden to prove she was entitled to restitution. First, Chowning's expert testified that he was not expressing an opinion on retail value. Second, Chowning introduced no competent evidence regarding the value of articles of clothing of similar style, quality, etc. Restitution requires that the "value of what the plaintiff received" was less than what the "plaintiff paid." *In re Vioxx Class Cases*, 103 Cal. Rptr. 3d at 96; *see also In re Tobacco Cases II*, 192 Cal. Rptr. 3d at 894. Without evidence of the "value . . . received," that calculation is impossible. Therefore, Kohl's is entitled to summary judgment.

3. Rescission or "full refund" is unavailable in this case. "A full refund *may* be available in a UCL case when the plaintiffs prove the product had *no* value to them." *In re Tobacco Cases II*, 192 Cal. Rptr. 3d at 895; *see also Cortez*, 999 P.2d at 713 (holding restitution is "the return of the excess of what the plaintiff gave the defendant over the value of what the plaintiff received"). If the product is truly valueless, then the "price paid minus the value actually received equals the price paid." *In re Tobacco Cases II*, 192 Cal. Rptr. 3d at 895. Chowning admits that she received some value from the articles of clothing and, thus, rescission is not available.

4. Disgorgement is unavailable in this case. Under California law, there are two forms of disgorgement: "restitutionary disgorgement, which *focuses on the plaintiff's loss*, and nonrestitutionary disgorgement, which focuses on the defendant's unjust enrichment." *In re Tobacco Cases II*, 192 Cal. Rptr. 3d at 899 (quoting *Meister v. Mensinger*, 178 Cal. Rptr. 3d 604, 618 (Cal. Ct. App. 2014)). Nonrestitutionary disgorgement is unavailable in UCL actions. *Id.* (citations omitted). Therefore, since the focus is on Chowning's loss, the appropriate calculation for restitution is the traditional restitution formula articulated *supra*.

5. Transaction percentage or "actual discount" is not available as a method for calculating restitution.[4] First, this measure would effectively seek damages sounding in contract, not equity. "A UCL action is equitable in nature; damages cannot be recovered." *Korea Supply*, 63 P.3d at 943. Second, Chowning's argument for this form of restitution is based on standing cases. *See, e.g.*, *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013). Standing and the calculation of restitution have different standards. *Kwikset*, 246 P.3d at 894 (holding "the

---

[4] This method argues that the appropriate measure of restitution would be to take the percentage discount implied on the tag (original price versus discount price), apply that percentage discount to the prevailing market price for the item, and then award the difference between that amount and the amount the plaintiff paid.

standards for establishing standing under section 17204 and eligibility for restitution under section 17203 are wholly distinct").

**AFFIRMED.**